IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DERMO RAUL ROMERO HIDALGO,** | § § § | |
| Petitioner, | § § | |
| v. | § | CAUSE NO. EP-26-CV-144-KC |
| **PAM BONDI et al.,** | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Dermo Raul Romero Hidalgo's Petition for a Writ of Habeas Corpus, ECF No. 3. Romero Hidalgo is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. Pet. ¶ 1. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 17–26.

Romero Hidalgo is a citizen of Cuba who entered the United States in 1980. *Id.* ¶¶ 10–11. In 1996, he was convicted of a crime, and an Immigration Judge ("IJ") ordered that Romero Hidalgo be removed. *Id.* ¶ 12; Resp. 1, ECF No. 9. Romero Hidalgo remained in immigration custody for about two months, but Immigration and Customs Enforcement ("ICE") released him on conditions of supervision after his removal could not be completed. Pet. ¶ 12. Romero Hidalgo has been periodically reporting to ICE for routine check-ins for the last thirty years. *Id.* ¶ 13. On July 11, 2025, ICE detained Romero Hidalgo during his routine check-in. *Id.*

The Court found that "[i]f these allegations are true, Romero Hidalgo likely meets his burden of proving 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Jan. 24, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating

that Romero Hidalgo's removal is likely in the reasonably foreseeable future or deporting him." *Id.*

Respondents acknowledge that Romero Hidalgo was ordered removed in 1996, that his removal to Cuba could not then be completed, and that their renewed request has gone unanswered for about six months. Resp. Ex. A ("Garite Decl.") ¶¶ 7–11, ECF No. 9-1. They state that they have also made efforts to remove Romero Hidalgo to Mexico. *Id.* ¶¶ 12, 15. But that Romero Hidalgo "has repeatedly failed to comply with efforts to remove him to Mexico" and has stated he "would not go to Mexico." *Id.* ¶¶ 12, 14–15. Respondents state that Enforcement and Removal Operations ("ERO") "will request to transfer" Romero Hidalgo to the detention facility in Phoenix, Arizona "for a third country failure to comply with removal." *Id.* ¶ 16.

In sum, Respondents have not shown any reasonable likelihood of removing Romero Hidalgo to Cuba. *See* Pet. ¶ 15; Garite Decl. ¶¶ 7–11. Nor have they taken any steps to remove him to any country other than Cuba or Mexico. *See generally* Resp. It remains unclear whether Respondents have an agreement with the Mexican government that would allow them to remove Romero Hidalgo to that country without his consent. *See id.* ¶¶ 12, 14, 15. Nevertheless, because Respondents appear to be making efforts to remove Romero Hidalgo to Mexico or some other unnamed country through Phoenix, Arizona, the Court affords Respondents a final opportunity to do so. If Respondents are unable to remove Romero Hidalgo in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, <u>on or before February 23, 2026</u>, Respondents shall either (1) **REMOVE** Romero Hidalgo from the United States through lawful means; or (2) **RELEASE** Romero Hidalgo from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before February 23, 2026</u>, Respondents shall **FILE** notice informing the Court whether Romero Hidalgo has been removed from the country. If Romero Hidalgo has not been removed from the country, Respondents shall inform the Court whether Romero Hidalgo has been released from custody in compliance with this Order.

**<u>Barring exceptional circumstances, there will be no extensions of the February 23, 2026, deadlines.</u>**

**SO ORDERED**.

**SIGNED** this 9th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3